UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
O'NEAL ROBERTS, *pro se*,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Petitioner,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　**MEMORANDUM & ORDER**
　　　　　　-against-　　　　　　　　　　　　　　:　13-cv-0653 (DLI)
　　　　　　　　　　　　　　　　　　　　　　　　:
UNITED STATES OF AMERICA,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Respondent.　　　　　　　　:
-------------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

On January 10, 2013, *pro se* Petitioner O'Neal Roberts ("Petitioner") filed this Petition[1] for a writ of habeas corpus, challenging his sentence pursuant to 28 U.S.C. § 2255. *See generally*, Dkt. Entry No. 1 ("Pet.").

On June 30, 2009, a jury convicted Petitioner after trial of two counts of conspiracy to import cocaine, one count of importing cocaine, and one count of attempting to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846, 952, 960, and 963. (*See generally*, Dkt. 07-CR-425, Entry Nos. 117, 149.) On March 30, 2010, this Court sentenced Petitioner to 240 months' imprisonment on each count, to run concurrently. (*See Id.*, Dkt. Entry No. 149.) On March 31, 2010, Petitioner appealed his conviction, which the Second Circuit Court of Appeals affirmed on September 29, 2011. (*See Id.* Notice of Appeal, Dkt. Entry No. 151; Judgment of USCA "Second Circuit Opinion," Dkt. Entry No. 164.) Upon Petitioner's motion to reduce his sentence, on October 29,

---

[1] In reviewing Petitioner's motion, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the Petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis, citations and internal quotation marks omitted).

1

2015, the Court reduced Petitioner's sentence to 235 months' imprisonment. (*See Id.*, Dkt. Entry Nos. 173, 178.)

Petitioner now challenges his sentence based upon ineffective assistance of counsel against attorney John Moore, Esq., and insufficient evidence of guilt. (Pet. at 4-8.) On May 16, 2013, the government filed an opposition to the Petition. (*See* Opposition to Habeas Petition ("Opp."), Dkt. Entry Nos. 7-17.) On August 30, 2013, Petitioner filed a reply in further support of the Petition. (*See* Petitioner's Reply ("Reply"), Dkt. Entry Nos. 24, 25.) For the reasons set forth below, the Petition is denied.

## **BACKGROUND**

Petitioner was arrested on October 11, 2006 in connection with an investigation into the importation of cocaine on an American Airlines flight into John F. Kennedy Airport, while he was an American Airlines employee. (Opp. at 3.) Upon his arrest, United States Immigration and Customs Enforcement ("ICE") agents interviewed Petitioner regarding the drug transactions in which he was involved. (*Id.* at 3-4.) Petitioner waived his *Miranda* rights prior to the commencement of the interview. (*Id.*)

Following his arrest, Petitioner, accompanied by his attorney, John Moore, Esq. ("Moore"), met with the government for three proffer sessions, each time pursuant to a proffer agreement. (*Id.* at 4.) At these interviews, Petitioner admitted his involvement in the importation of cocaine on the American Airlines flight. (*Id.*)

Subsequent to the three proffer sessions, Petitioner retained a new attorney. (*Id.* at 5.) Petitioner recanted his prior statements and filed a motion to suppress the statements made during the proffer sessions. (*Id.*) The Court held a two-day hearing on the motion. (*Id.* at 7.) Moore testified that he had discussed the proffer agreements in private with Petitioner. (*Id.* at 9.) Moore

also testified that he had discussed with Petitioner the advantages and disadvantages of cooperating and entering into the proffer agreement. (*Id.*)

In a memorandum and order dated March 13, 2009, the Court denied Petitioner's motion to suppress. (Dkt. 07-CR-425, Entry No. 52.) The Court made factual findings regarding the October 16, 2006 proffer session, including: (1) Petitioner was accompanied by Moore at the proffer session; (2) the government gave Petitioner and Moore time to review a proffer agreement in private; (3) Petitioner signed the proffer agreement; (4) the proffer agreement remained in place for the next two proffer sessions; (5) no law enforcement officers threatened Petitioner with job loss for failure to cooperate; and (6) no law enforcement officers questioned Petitioner until they read him his *Miranda* rights, explained his rights to him, and Petitioner voluntarily and knowingly waived his right to remain silent. (*Id.* at 15.)

The case proceeded to trial. On June 30, 2009, a jury convicted Defendant of two counts of conspiracy to import cocaine, one count of importing cocaine, and one count of attempting to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846, 952, 960, and 963. (*See generally*, Dkt. 07-CR-425, Entry Nos. 117, 149.) On March 30, 2010, this Court sentenced Petitioner, below the calculated guidelines range, to 240 months' imprisonment on each count, to run concurrently. (*See Id.*, Dkt. Entry No. 149.) Upon Petitioner's motion to reduce his sentence, on October 29, 2015, the Court reduced Petitioner's sentence to 235 months' imprisonment. (*See Id.*, Dkt. Entry Nos. 173, 178.)

On appeal to the Second Circuit Court of Appeals, Petitioner argued that his conviction should be vacated and the case remanded, because: (1) the Court should have suppressed the proffer session statements; (2) the Court should not have admitted Petitioner's statements during trial; and (3) the Court erroneously applied an abuse of trust sentencing enhancement in

determining the applicable sentencing guidelines range. (Opp. at 28.) The Second Circuit rejected Petitioner's arguments and affirmed the conviction. (*See generally,* Second Circuit Opinion.)

On January 30, 2013, Petitioner filed the instant motion. Petitioner asks the Court to vacate his conviction because he was deprived of effective assistance of counsel and there was insufficient evidence of his guilt presented at trial. (Pet. at 4-8.) Specifically, Petitioner contends that Moore was ineffective because Moore: (1) did not advise Petitioner of the consequences of the proffer sessions; (2) "appeared to be working for the government"; (3) "did not know what he was doing"; and (4) advised Petitioner to cooperate with law enforcement, compromising Petitioner's right to a fair trial. (Pet. at 4, 5.) Petitioner does not allege actual innocence as a basis for his petition, but, in elaborating on his ineffective assistance of counsel claim, Petitioner twice asserts that he is innocent. (Pet. at 4, 8.)

In his reply, Petitioner contends that not only was Moore ineffective, but Petitioner's "three defense counselors," as well as his "appeal attorney," were ineffective. (Reply at 1-2.) In support of these assertions, Petitioner states that Stephanie Carvlin, his appellate attorney appointed from the CJA panel, was ineffective for not visiting Petitioner, and, instead, speaking with him three times on the phone. (*Id.* at 2.) Petitioner further alleges that his attorneys Blackman and Sneider were ineffective because they failed "to effectively gain a reasonable plea and further failed to adequately raise a defense at trial." (*Id.*)

The Court will not address the ineffective assistance of counsel claims against attorneys Carvlin, Blackman, and Sneider. Petitioner raises these claims for the first time in his reply papers, and does not allege sufficient facts in support of his bare assertion. The Court is entitled to disregard any legal argument raised for the first time on reply, particularly since the government had no opportunity to oppose it. *See In re Harris*, 464 F.3d 263, 268 n.3 (2d Cir. 2006); *Ernst*

4

*Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (per curiam). *See also Melo v. United States,* 825 F. Supp.2d 457, 464 (S.D.N.Y. 2011) (finding that *pro se* petitioner waived arguments raised for the first time in the reply brief to his habeas petition).

Petitioner supports his assertion that insufficient evidence was used to convict him with the following allegations: (1) the statements used against Petitioner from the proffer sessions were made "under coercion by authorities"; (2) investigators violated Petitioner's "right to remain silent under threats of economic consequences by investigators"; (3) defense witness Clive Bedford lied during his testimony; and (4) the prosecution knowingly used false evidence against Petitioner. (Pet. at 4, 6, 8.)

For the reasons discussed below, Petitioner's motion is denied in its entirety.

## DISCUSSION

I. **Legal Standard**

A. **Section 2255**

Under § 2255, "a sentencing court may vacate, set aside or correct a conviction or sentence imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Scala v. United States*, 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (citations and internal quotation marks omitted).

B. **Issues Previously Raised on Appeal**

It is well settled that a § 2255 motion may not relitigate issues previously raised on direct appeal. *See, e.g.*, *Cantor v. United States*, 205 F.3d 1321, *1 (2d Cir. 2000) (citing *United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997) ("It is well-established that issues decided on direct

appeal may not be relitigated in the context of a petition under § 2255."), *cert. denied*, 530 U.S. 1245 (2000)); *Simmons v. United States*, 2014 WL 4628700, at *2 (E.D.N.Y. Sept. 15, 2014) ("[H]aving rejected his objection [to the court's application of the sentencing enhancement], he cannot reargue it in his § 2255 petition."). An exception to this rule exists for intervening changes in the law. *See Scala*, 2010 WL 3780320, at *1 (citing *Chin v. United States*, 622 F.2d 1090, 1092 (2d Cir. 1980)). This exception is not applicable here.

Courts reviewing § 2255 claims will consider arguments not raised on direct appeal if the petitioner can demonstrate "cause" for failing to raise the claims and "actual prejudice," or that the petitioner is "actually innocent." *See Bousley v. United States*, 523 U.S. 614, 622-23 (1998) (citations and internal quotation marks omitted). However, ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Nonetheless, a petitioner cannot simply recast previously made arguments as ineffective assistance claims. *See Cakoni v. United States*, 2015 WL 1726448, at *10 (S.D.N.Y. Apr. 15, 2015) (citing *Yick Man Mui v. United States*, 614 F.3d 50, 55 (2d Cir. 2010)) ("The Second Circuit already rejected these arguments . . . and they cannot be recast as ineffective assistance arguments and relitigated via a § 2255 petition in the absence of an intervening change in the law."); *Brown v. United States*, 1996 WL 479248, at *4 (S.D.N.Y. Aug. 23, 1996) ("[Petitioner's] attempt to recast his substantive arguments regarding sentencing errors in terms of ineffective assistance of counsel is unavailing.").

### C. Ineffective Assistance of Counsel

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) "his attorney's performance 'fell below an objective standard of reasonableness,' in light of

'prevailing professional norms,'" and (2) "'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Caracappa*, 614 F.3d 30, 46 (2d Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 693 (1984)) (citing *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir. 2005)). Courts reviewing an ineffective assistance of counsel claim "must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [legal] strategy.'" *Strickland*, 446 U.S. at 689. The Court must "be watchful to eliminate the distorting effects of hindsight." *Brown v. Greene*, 577 F.3d 107, 110 (2d Cir. 2009) (citation and internal quotation marks omitted).

## II. Analysis

### A. Arguments Not Raised on Direct Appeal

Petitioner's claims concerning the sufficiency of the evidence and the reasonableness of his sentence are barred procedurally because he did not bring these challenges on direct appeal and does not allege sufficient cause for failing to do so. *Boursley*, 523 U.S. at 621. Petitioner does not explain why his appeal failed to raise these issues, other than to assert, in his reply, that his appellate counsel was ineffective for speaking to him on the phone, rather than visiting him in person. (Reply at 2.) Attorney ignorance or inadvertence is not "cause" for failing to raise claims on direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991) ("Attorney ignorance or inadvertence is not cause because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error.")

(internal quotations and citations omitted). As such, Petitioner has not demonstrated why his insufficient evidence arguments should not be barred procedurally.

B. **Ineffective Assistance of Counsel**

Petitioner's claims that Moore was ineffective are meritless. First, Petitioner's assertion that Moore did not advise him of the consequences of the proffer sessions was litigated already before this Court at the two-day suppression hearing in January 2009. The Court found that the government gave Petitioner and Moore time to review the proffer agreement in private. (Dkt. 07-CR-425, Entry No. 52 at 15.) Furthermore, Moore affirms that he met with Petitioner alone for about thirty minutes, during which time Moore advised Petitioner of the details of the proffer agreement. (Opp. Ex. A1-C, Dkt. Entry No. 11, at 2.)

Second, Petitioner's assertions that Moore "appeared to be working for the government" and that Moore "did not know what he was doing" are insufficient. "Such bare assertions, offered without detail or supporting documentation, have been found inadequate to support a claim of ineffective assistance in the face of a credible and contradictory affidavit by counsel." *See Lejhanec v. United States*, 1999 WL 1487594, at *9 (E.D.N.Y. Nov. 29, 1999) (denying § 2255 claim where "the Court is faced with nothing more to support [petitioner's] claim . . . than [petitioner's] 'bare, unsubstantiated, thoroughly self-serving, and none too plausible statement.'")

Third, Petitioner faults Moore for advising him to cooperate with law enforcement, compromising his right to a fair trial. (Pet. at 5.) Advising a client to cooperate with law enforcement certainly does not fall below an objective standard of reasonableness in light of prevailing professional norms. *See Caracappa*, 614 F.3d at 46. Defense attorneys routinely advise their clients to cooperate with the prosecution in an effort to obtain more favorable plea deals. *See*

*United States v. Heatley,* 39 F. Supp.2d 287, 315-16 (S.D.N.Y. 1998) (finding that counsel was not ineffective despite not stopping defendant from cooperating with law enforcement).

## **CONCLUSION**

For the reasons set forth above, Petitioner's § 2255 motion is denied in its entirety. Petitioner is further denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See* Fed. R. App. P. 22(b); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge

9